**UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
SOUTHERN DIVISION**

| | |
|---|---|
| William Fitzgerald, | Civil Action No.: _____ |
| Plaintiff, | |
| v. | |
| Fitzgerald v. Rubenstein Cogan & Revesman; and DOES 1-10, inclusive, | **COMPLAINT** |
| Defendants. | |

For this Complaint, the Plaintiff, William Fitzgerald, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendants and their agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. The Plaintiff, William Fitzgerald ("Plaintiff"), is an adult individual residing in Arlington, Virginia, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5.  Defendant, Rubenstein Cogan & Revesman ("Rubenstein"), is a Maryland business entity with an address of 12 South Summit Avenue, Suite 250, Gaithersburg, Maryland 20877, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6.  Does 1-10 (the "Collectors") are individual collectors employed by Rubenstein and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7.  Rubenstein at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8.  The Plaintiff incurred a financial obligation in the approximate amount of $1,000.00 (the "Debt") to Capital One (the "Creditor").

9.  The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to Rubenstein for collection, or Rubenstein was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. Rubenstein Engages in Harassment and Abusive Tactics

12. The Plaintiff signed the Debt agreement in Prince George's County, Maryland.

13. The Plaintiff resides in Virginia.

14. Rubenstein initiated legal action to collect the Debt in Montgomery County, Maryland.

C. **Plaintiff Suffered Actual Damages**

15. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

16. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, fear, frustration and embarrassment.

17. The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

## COUNT I
## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

18. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

19. The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect a debt.

20. The Defendants' conduct violated 15 U.S.C. § 1692i(a)(2) in that Defendants instituted a legal action in a location other than where the contract was signed or where the Plaintiff resides.

21. The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

22. The Plaintiff is entitled to damages as a result of Defendant's violations.

## COUNT II
## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

23. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

24. The *Restatement of Torts, Second,* § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

25. Maryland further recognizes the Plaintiff's right to be free from invasions of privacy, thus Defendants violated Maryland state law.

26. The Defendants intentionally intruded upon Plaintiff's right to privacy by continually harassing the Plaintiff by initiating legal action in a place where the Plaintiff cannot appear.

27. The telephone calls made by the Defendants to the Plaintiff were so persistent and repeated with such frequency as to be considered "hounding the plaintiff" and "a substantial burden to her existence," thus satisfying the *Restatement of Torts, Second,* § 652(b) requirement for an invasion of privacy.

28. The conduct of the Defendants in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

29. As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial from the Defendants.

30. All acts of the Defendants and its agents were committed with malice, intent, wantonness, and recklessness, and as such, the Defendants are subject to punitive damages.

**PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) against the Defendants;

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;

4. Actual damages pursuant to MD. Code Comm. Law § 14-203;

5. Actual damages pursuant to MD. Ann. Code. Bus. Reg. § 7-401(b);

6. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) & (C);

7. Actual damages from the Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff;

8. Punitive damages; and

9. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: September 22, 2010

> Respectfully submitted,
>
> By  /s/ Forrest E. Mays_____
>
> Forrest E. Mays (Bar No. 07510)
> 1783 Forest Drive, Suite 109
> Annapolis, MD  21401
> Telephone: (410) 267-6297
> Facsimile: (410) 267-6234

Email: mayslaw@mac.com

Of Counsel To
LEMBERG & ASSOCIATES L.L.C.
A Connecticut Law Firm
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (877) 795-3666
ATTORNEYS FOR PLAINTIFF

Email: mayslaw@mac.com

Of Counsel To
LEMBERG & ASSOCIATES L.L.C.
A Connecticut Law Firm
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (877) 795-3666
ATTORNEYS FOR PLAINTIFF